**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YAOBING WU,** <br><br> Petitioner, <br><br> v. <br><br> **WARDEN, DELANEY HALL DETENTION FACILITY,** *et al.*, <br><br> **Respondents.** | **Case No. 26–cv–00964–ESK** <br><br><br> **OPINION AND ORDER** |

      **THIS MATTER** comes before the Court upon petitioner Yaobing Wu's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.) Petitioner alleges that he is unlawfully detained by immigration authorities. (ECF No. 1 p. 2.)

      Respondents filed a letter brief in response to the Petition stating that petitioner entered the United States without inspection or parole in 2023, and he was arrested by Immigration and Customs Enforcement (ICE) officers on January 16, 2026. (ECF No. 5–1 p. 1.) Respondents argue that petitioner is in ICE detention without bond pursuant to the Department of Homeland Security's interpretation of "applicants for admission" under 8 U.S.C. § 1225(b)(2) and the Board of Immigration Appeals' (BIA) recent decision *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025). (*Id.* p. 2.) I find that mandatory detention under § 1225(b)(2) applied exclusively to encounters at or near the border, while discretionary detention under 8 U.S.C. § 1226(a) applies to noncitizens, like petitioner, who were already present in the country, albeit unlawfully, at the time of their arrest by immigration authorities under § 1226(a). *Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *3 (D.N.J. Oct. 30, 2025); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th __, 2026 WL 323330, at *2 (5th Cir. Feb. 6, 2026) (holding that a

noncitizen's "status as an applicant for admission does not turn on where or how the [noncitizen] entered the United States.")

Petitioner is unlawfully detained under § 1225(b)(2); therefore, I will grant the Petition.  Respondents are ordered to treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

**IT IS** on this   **17th** day of **February 2026**   **ORDERED** that:

1. The Petition at ECF No. 1 is **GRANTED**.

2. Respondents shall treat petitioner as detained under 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge within **7 days** of this Opinion and Order.

3. Respondents shall file a letter on the docket within 24 hours of the hearing with its result.

4. The Clerk shall send Petitioner a copy of this Opinion and Order by regular mail.

                                               */s/ Edward S. Kiel*
                                               **EDWARD S. KIEL**
                                               **UNITED STATES DISTRICT JUDGE**